> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2008[*]
Decided February 14, 2008

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-2647

| | |
|---|---|
| LINZIE LEDBETTER, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 05-4190-GPM |
| JACKSON COUNTY AMBULANCE SERVICE, *Defendant-Appellee.* | G. Patrick Murphy, *Judge.* |

**O R D E R**

Linzie Ledbetter, a former livery van driver, sued the Jackson County Ambulance Service (JCAS) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, alleging discrimination on the basis of race and sex. The district court granted JCAS summary judgment on all of Ledbetter's claims and denied his motion for relief from judgment. Ledbetter now appeals the court's order granting JCAS summary judgment. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Because this case was dismissed at the summary judgment stage, we construe the facts in Ledbetter's favor. *Bannon v. Univ. of Chicago*, 503 F.3d 623, 626 (7th Cir. 2007). Ledbetter, an African-American male, was hired by JCAS as a van driver in November 1996. Six years later, in November 2002, the Sheriff's Office of Jackson County advised JCAS that it would no longer dispatch non-emergency ambulances. JCAS, in response, created three dispatcher positions that paid a lower wage and offered fewer hours than Ledbetter's job as a van driver. Ledbetter nevertheless expressed interest in the dispatcher position because he perceived it as having better working conditions than the van driver position. JCAS advertised the dispatcher position in the local newspaper for four days, but it did not post the open position anywhere at the job site. Ledbetter never produced any evidence that he applied for the dispatcher position, although on appeal he now claims he did.

In March 2003 JCAS determined that it needed a supervisor for the three dispatcher positions. Rather than create a new position, it assigned the additional duties to supervisor Louise Lustig without altering her salary or job title. Shortly thereafter, Ledbetter violated JCAS policy by picking up a patient prior to being dispatched. Confronted with this apparent violation by Lustig, Ledbetter, according to JCAS, became angry, slapped his hands against the wall, and began to scream. Ledbetter denies these accusations. JCAS held a disciplinary hearing at which it determined that Ledbetter had been insubordinate, and it therefore suspended him for thirty days. Following his suspension, Ledbetter continued to work at JCAS as a van driver until he voluntarily resigned in June 2004.

He then brought this lawsuit, claiming that JCAS discriminated against him on the basis of race and sex when it failed to promote him and when it suspended him. JCAS moved for summary judgment, which the district court granted, finding that Ledbetter never applied for the dispatcher position and failed to offer any evidence of racial or gender motivation in his suspension. Further, the court held that there was in fact no new supervisor position to which he might have been promoted. After granting JCAS's motion for summary judgment, Ledbetter moved for a new trial, which the district court construed as a motion for relief from judgment and denied.

On appeal Ledbetter challenges the district court's grant of summary judgment to JCAS and denial of his motion for relief from judgment. We review a grant of summary judgment de novo, construing the facts and inferences in Ledbetter's favor. *See Adelman-Reyes v. Saint Xavier Univ.*, 500 F.3d 662, 665 (7th Cir. 2007). However, to avoid summary judgment, the nonmoving party must set forth specific facts showing there is a genuine issue for trial. *Id.* Ledbetter has not done so.

Ledbetter first contends that JCAS unlawfully discriminated against him on the basis of race and gender when it failed to promote him to the new dispatcher or supervisor positions. But Ledbetter cannot establish a prima facie case for these claims because he has not suffered an adverse employment action—he has offered no proof that he in fact applied for either the supervisor or the dispatcher job. *See Hudson v. Chicago Transit Auth.*, 375 F.3d 552, 558-59 (7th Cir. 2004) (plaintiff cannot make prima facie case for unlawful discrimination under Title VII if he does not apply for a posted job vacancy). Rather, he seems to have merely inquired about the dispatcher openings without ever applying. Furthermore, Ledbetter offered no evidence that JCAS deterred him in some discriminatory way from applying for the dispatcher job. And no facts contradict JCAS's evidence that it never created a new supervisor position to which Ledbetter could have applied.

Ledbetter next argues that JCAS discriminated against him on the basis of race and gender when it suspended him in March 2003 for threatening supervisor Lustig. But he does not argue that JCAS's reason for suspending him had anything to do with race or gender. Ledbetter instead challenges the correctness of JCAS's conclusion that he threatened Lustig. Although JCAS may have been wrong in its decision to suspend him, this in no way proves that it lied about its reason for doing so. *See Forrester v. Rauland-Borg Corp.*, 453 F.3d 416, 419 (7th Cir. 2006). In addition, Ledbetter introduced no evidence that non-African-American employees who threatened supervisors were treated more favorably. The district court therefore properly granted summary judgment to JCAS because Ledbetter failed to put forth a triable issue on whether JCAS suspended him for discriminatory reasons.

Finally, Ledbetter contends that his "motion for a new trial," construed by the district court as a motion for relief from judgment, should have been granted because new evidence proved that the advertisement in the local newspaper for the dispatcher jobs was actually an advertisement for receptionists. But the title of the job opening listed in the advertisement is a red herring because Ledbetter knew of the open dispatcher positions. And, given that Ledbetter knew JCAS was relying on the newspaper advertisement in its motion for summary judgment, the new evidence could and should have been presented to the district court prior to the judgment. *See, e.g., Dal Pozzo v. Basic Machinery Co.*, 463 F.3d 609, 615 (7th Cir. 2006). Rule 59(e) also requires that any newly discovered evidence be material. FED. R. CIV. P. 59(e). Here, the proffered evidence is in no way material to whether Ledbetter actually had prior knowledge of the job posting, which he did. Thus, the district court did not err in denying Ledbetter's post-judgment motion.

Accordingly, because there is no evidence that any of JCAS's actions were based on race or gender, the judgment is AFFIRMED.